IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS W. FURLOW, JR., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-15-1089 |
| UNITED STATES OF AMERICA, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Dr. Thomas W. Furlow, Jr. (the "Taxpayer") brought this *pro se* action against the United States of America (the "United States" or the "Government"), seeking a refund of certain federal tax payments, penalties, and interest associated with tax years 2009 and 2010. (ECF No. 1.) Both parties moved for summary judgment. (ECF Nos. 10 & 15.)[1] Thereafter, during a settlement conference before the Honorable J. Mark Coulson, United States Magistrate Judge, the parties reached an oral settlement agreement, and this Court entered a Settlement Order pursuant to Local Rule 111 (D. Md. 2014) (*see* ECF No. 22). Yet on April 1, 2016, the Taxpayer filed a Motion to Reopen Case (ECF No. 23); during a telephone status conference on June 2, 2016, the Taxpayer advised the Court that he no longer believes the settlement agreement is advantageous for him. Although Local Rule 111 permits settling parties to move to reopen for good cause shown, the Taxpayer made no such showing here: *settler's remorse* does not constitute good cause. Nevertheless, government counsel advised the Court that she did not intend to move to enforce the settlement agreement; rather, she rested on her prior summary-judgment motion.

---

[1] The Government's motion is fully briefed. (*See* ECF Nos. 10–1, 18 & 19.) The Government filed a response in opposition to the Taxpayer's motion (ECF No. 19); thereafter, the Taxpayer did not file a reply brief within the period allotted under Local Rule 105.2.a (D. Md. 2014).

Accordingly, the Court informed the parties that it would reopen the case and rule on their pending motions in due course. For the reasons set forth in the Government's memorandum and reply brief (*see* ECF Nos. 10–1 & 19) and as summarized below, the Government's motion will be GRANTED, and the Taxpayer's motion will be DENIED.

## I.  Standard of Review

When faced with cross-motions for summary judgment, the Court must consider each motion separately on its own merits. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003). The Court will grant summary judgment to a party who demonstrates that (1) there is no genuine dispute as to any material fact and (2) that party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). No genuine issue of material fact exists if the opposing party fails to make a sufficient showing on an essential element of her case as to which she would have the burden of proof. *See Celotex*, 477 U.S. at 322-23. The "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). As the Fourth Circuit has recognized, district courts have an "affirmative obligation . . . to prevent 'factually unsupported claims [or] defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323-24).

The facts themselves, and the inferences to be drawn therefrom, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). Even so, the opponent may not rest upon the mere allegations or denials of his pleading but must instead, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1). Supporting

and opposing affidavits must be made on personal knowledge with such facts as would be admissible in evidence and must affirmatively show the competence of the affiant to testify to the matters stated therein. Fed. R. Civ. P. 56(c)(4).

In this Circuit, a district court may not enter summary judgment against a *pro se* plaintiff without first providing him with "fair notice of the requirements of the summary judgment rule" in a form that is "sufficiently understandable" to a person in his circumstances. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (citation omitted). On December 28, 2015, the Clerk furnished the Taxpayer with notice that (1) the Government had filed a motion for summary judgment; (2) judgment could be entered against the Taxpayer if the Government's motion were granted; and (3) the Taxpayer was entitled to file a response, supported by affidavits and other evidence. (*See* ECF No. 11.) Having received proper *Roseboro* notice, the Taxpayer will be held to the normal standards of summary judgment, notwithstanding his *pro se* status. *See Costley v. Shinseki*, Civ. No. JKB-10-3122, 2011 WL 1743244, at *6 (D. Md. May 6, 2011) (citing *Larkin v. Perkins*, 22 F. App'x 114, 115 n.* (4th Cir. 2001) (per curiam)).

## II.   Analysis

On his federal income tax return for tax year 2009 (Form 1040), the Taxpayer reported total income of $199,179; federal income tax of $36,553; and withholdings of $66,939. (ECF No. 10–5.) He thus claimed a refund of $30,386. (*Id.*) In fact, however, the Taxpayer's 2009 withholdings amounted to only $25,122, leaving him with a deficiency of $11,431. (ECF No. 10–15.) The $41,817 difference between the 2009 withholdings that the Taxpayer claimed and the amount actually withheld is attributable to a large distribution from Nationwide Trust Company Federal Savings Bank ("Nationwide") during tax year 2010:  the Taxpayer incorrectly believed he could attribute the withholdings associated with this distribution to his account for

tax year 2009.[2]  Subsequently, the Internal Revenue Service (the "IRS") collected the full $11,431 deficiency along with $196 in penalties for untimely payment and $108 in statutory interest: the Taxpayer now has a zero balance on his 2009 account. (*See* ECF No. 10–15.)

The Taxpayer filed his federal income tax return for tax year 2010 (Form 1040) on April 10, 2014. On this return, he reported total income of $106,148; federal income tax of $1991; and withholdings/credits of $46,729. (ECF No. 10–6.) The IRS subsequently adjusted the Taxpayer's 2010 account to reflect additional, unreported earnings and withholdings (ECF No. 10–20): in the end, the Taxpayer had a 2010 liability of $14,991 and payments of $49,680, resulting in an overpayment of $34,689. (ECF No. 10–13 at 3-4.)[3]

In his Complaint, the Taxpayer asks the Court to order that the IRS (1) "offset federal taxes due and owing for 2009 with [the Taxpayer's] overpayments made during calendar year 2010"; (2) "rescind all penalties and interest assessed against [the Taxpayer] for failure to make timely payment of taxes for the calendar year 2009"; and (3) "make full refund of all overpayments of taxes directly to [the Taxpayer] for calendar years 2009 and 2010." (ECF No. 1 at 3-4.) However, as discussed above, the Taxpayer has no balance due and owing for 2009. Moreover, the Taxpayer has not shown that the IRS miscalculated his liability or payments for either 2009 or 2010.[4]  He seems to have taken the position that he is entitled to choose the tax year to which he wishes to attribute gross income and associated withholdings, but that position is at odds with well-settled law. *See Healy v. Commissioner*, 345 U.S. 278, 281 (1953) ("One of

---

[2] Nationwide distributed $51,890.28 from the Taxpayer's account, of which amount $40,591.08 was withheld for federal income tax. (*See* ECF No. 10–11.)

[3] On April 25, 2014, the Taxpayer filed Form 1040X to amend his 2010 return, claiming an additional refund of $5206. (ECF No. 10–7.) The IRS did not process the Taxpayer's Form 1040X (*see* ECF No. 10–13 at 4), and he makes no reference to this additional sum in either his Complaint or his summary-judgment papers. The Court assumes the Taxpayer has abandoned his claim for this additional sum.

[4] In fact, the Taxpayer does not even address the substance of the Government's argument in his opposition brief; rather, he devotes the entire brief to a meritless contention that certain documentary evidence should be stricken from the Government's submission. (*See* ECF No. 18.) To the extent that the Taxpayer's opposition brief may be construed as a motion, that motion is DENIED.

the basic aspects of the federal income tax is that there be an annual accounting of income.  Each item of income must be reported in the year in which it is properly reportable and in no other.  For a cash basis taxpayer . . . the correct year is the *year in which received*." (emphasis added) (footnote omitted)).  *Compare* I.R.C. § 451(a) ("The amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer . . . ."), *with* I.R.C. § 31(a) ("The amount withheld as tax . . . shall be allowed to the recipient of the income as a credit against the tax imposed . . . .  The amount so withheld during any calendar year shall be allowed as a credit for the taxable year beginning in such calendar year.").  The Taxpayer, who employs the cash-basis method of accounting, received his Nationwide distribution in 2010; therefore, that distribution is includible in his gross income for tax year 2010, and the amount withheld is treated as a payment toward his 2010 liability.

The Taxpayer, however, need not despair.  The Government has conceded that he is entitled to an overpayment of $34,690 for 2010.  (*See* ECF No. 10–1 at 10.)  To be sure, some portion of this overpayment will likely be allocated to the Taxpayer's current deficiency for tax year 2011—which stood at $10,120.24 as of June 5, 2015.  (*See* ECF No. 10–17.)  But after the 2011 liability is paid in full, and assuming the Taxpayer has no other outstanding federal tax liabilities or debts to which tax overpayments are properly allocable, *see* I.R.C. § 6402, the Court anticipates that the IRS will issue his refund forthwith.

Finally, the Court observes that, pursuant to section 7430 of the Internal Revenue Code, and given that the Government has substantially conceded the Taxpayer's overpayment for tax year 2010, the Taxpayer may qualify as the "prevailing party" in these proceedings (and therefore may qualify for an award of reasonable litigation costs) unless the Government's position was "substantially justified" within the meaning of the statute or unless some other

exception applies.[5]  In his Complaint, the Taxpayer proposes that he is entitled to the "filing fees and any court costs, expenses for professional legal research . . . and any and all other legal expenses incurred as a result of filing this case." (ECF No. 1 at 4.)  The Taxpayer's attempt to recover "expenses for professional legal research" is a *de facto* attempt to recover attorney's fees as a *pro se* litigant, which section 7430 does not countenance.  *See United States v. McPherson*, 840 F.2d 244, 245 (4th Cir. 1988); *Anderson v. United States*, Civ. No. WMN-95-1182, 1996 WL 809449, at *7 (D. Md. May 29, 1996).  As for his filing fee and any related court costs, the Taxpayer may, if he wishes, file a Bill of Costs via Form AO 133[6] within fourteen days after entry of this Memorandum and accompanying Order; if government counsel opposes the Taxpayer's request, she may file an appropriate response.

### III.  Conclusion

For the foregoing reasons, an Order shall enter GRANTING the Government's Motion for Summary Judgment (ECF No. 10), DENYING the Taxpayer's Verified Motion for Summary Judgment (ECF No. 15), and designating an overpayment in the Taxpayer's favor in a manner consistent with the discussion herein.

DATED this 14th day of June, 2016.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[5] The Government does not address the application of section 7430 in its papers.
[6] https://www.mdd.uscourts.gov/publications/forms/BillofCosts.pdf.